Mervin B. Epstein and Evelyn Epstein v. Commissioner.
Epstein v. Commissioner
Docket No. 3936-62.
United States Tax Court
T.C. Memo 1964-64; 1964 Tax Ct. Memo LEXIS 268; 23 T.C.M. (CCH) 444; T.C.M. (RIA) 64064; March 13, 1964
*268 Mervin B. Epstein, 4504 Atoll Ave., Sherman Oaks, Calif., pro se. Edward M. Fox, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined a deficiency in petitioners' income tax for the year 1957 in the amount of $583.62. Petitioners having conceded certain claimed expenses disallowed in the deficiency notice, the remaining issue for decision is whether the petitioners are entitled to a dependency credit exemption for three minor children of Mervin B. Epstein (hereinafter referred to as petitioner). Findings of Fact Petitioners filed a joint income tax return for the year 1957 with the district director of internal revenue at Los Angeles, California. In 1956 petitioner and his former wife, Leona Epstein (hereinafter referred to as Leona), were divorced, and the custody of their three children was awarded to Leona. In October 1956 petitioner married his present wife, Evelyn, and in 1957, with the exception of several weeks when they lived with petitioner's sister, petitioners rented and occupied a two-bedroom apartment in Sherman Oaks, California. By court order entered in 1956, petitioner was to pay to Leona *269 $7.50 per week for the support of each child. Commencing June 29, 1957, petitioner's obligation for support payments was changed from $7.50 per week for each child to $15.00 per week for each child. The support payments so made by petitioner during 1957 totalled $1,862.50 for all three children. During the year 1957 petitioner had Sunday visitation privileges during the day with his three children. Petitioner exercised his visitation privileges approximately two out of every three Sundays in 1957. On these occasions he would call at Leona's residence and pick up two or more of the children for a part or all of the day and return them to their mother by 6:00 p.m. During these visits petitioner incurred certain expenses for food, clothing and entertainment. On other occasions he incurred some minor expenses for gifts and clothing. During the year 1957 Leona resided with her mother and three children in an eight-room fully furnished duplex apartment in Los Angeles. Leona owned the building and rented the lower seven-room unfurnished apartment for $125 per month. During 1957 Leona was employed as a secretary by the Hilton Hotel Corporation. In order to work, she employed individuals *270 to care for her children during working hours. Opinion Petitioner contends that he furnished more than one half of the support for each child. We have heard extensive testimony from both spouses. Leona testified regarding expenses allocable in whole or in part to the children for utilities, groceries, clothing, transportation, laundry, cleaning, domestic help to care for the children while she was employed, medical and dental care, drugs, gifts, birthday parties and movies, as well as to facts to establish the fair rental value of the portion of the property owned by her and occupied by her and the children. Petitioner also testified in detail regarding the expenses he incurred for each visitation and outing he had with the children. In addition, he testified regarding expenses he incurred for clothing and toys, as well as establishing the total amount of weekly support payments made for the children. Based on the record as a whole, we hold that petitioner has failed to sustain his burden of proof with respect to the three children. Decision will be entered for the respondent.